NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 13-1945
———————

SHAN EN ZHANG;
JUAN CHEN,
a/k/a
KO-MIN TSAO,

Petitioners

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

———————

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency Nos. A089-252-304 & A095-710-240)
Immigration Judge: Alberto J. Riefkohl

———————

Submitted under Third Circuit LAR 34.1(a)
on November 7, 2013

Before:  GREENAWAY, Jr., VANASKIE and ROTH, Circuit Judges

(Opinion filed:  December 13, 2013)

———————

O P I N I O N
———————

**ROTH**, Circuit Judge:

Shan En Zhang and his wife Juan Chen seek review of a final order of removal rendered by the Board of Immigration Appeals (BIA) denying a motion to reopen their proceeding. We will deny the petition for review.

## I.    Background

Petitioners, Zhang and Chen, are citizens of the People's Republic of China. Chen entered the United States without valid documents on May 29, 2005, and was subject to removal proceedings after the Department of Homeland Security issued a Notice to Appear under the Immigration & Nationality Act (INA), 8 U.S.C. § 1182(a)(7)(A)(i)(1). Zhang arrived in the United States on August 4, 2007, also without valid entry documents, after being smuggled from China. Petitioners subsequently met in the United States and registered their marriage in New York on December 12, 2007. The Immigration Judge (IJ) consolidated the cases for Zhang and Chen, who had both applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT), claiming persecution by Chinese authorities for their practice of Falun Gong.

At the merits hearing, Zhang claimed that he departed China after Chinese authorities detained and beat him for his practice of Falun Gong. Chen stated that she began her practice of Falun Gong after meeting Zhang and that together they attended Falun Gong demonstrations to protest China's suppression of Falun Gong. On June 16, 2008, the IJ issued an oral decision, finding that Zhang failed to sufficiently corroborate his claims and that Chen lacked evidence to support her claims. The IJ denied Petitioners' applications. On October 30, 2009, the BIA dismissed their appeal.

On December 30, 2009, Petitioners concurrently filed their first motion to reopen before the BIA, claiming that they have a well-founded fear of future persecution because certain Chinese residents in America discovered Zhang's involvement in Falun Gong and reported his activities in China. Zhang contended that government cadres had confronted his parents about his Falun Gong involvement and told them that Zhang must return to China for punishment. In addition, Petitioners requested that the October 30, 2009, BIA decision be reissued. On April 27, 2010, the BIA reissued its decision and denied the motion to reopen. We denied Petitioners' appeal on April 15, 2011. *Zhang v. Att'y Gen.*, 423 Fed. Appx. 243 (3d Cir. 2011).

The instant proceedings concern Petitioners' second motion to reopen, filed on October 2, 2012, in which Petitioners argued that their motion should not be barred by the 90-day time requirement because they can show that country conditions have worsened in China for Falun Gong practitioners. Chen argued to the BIA that Chinese authorities visited her mother in China, where they cautioned her that Chen must return to China for severe punishment. Petitioners submitted additional evidence in support of their motion to reopen, including a local village notice stating that Chinese authorities will punish Chen for her Falun Gong participation, an affidavit from Chen's mother averring the same, a 2007 asylum report from the U.S. Department of State, and several news articles regarding Falun Gong punishment in China.

On March 15, 2013, the BIA found that Petitioners' evidence was insufficient to establish that treatment of Falun Gong practitioners had materially changed to excuse the untimely and number-barred motion to reopen. First, "[t]o the contrary, the background

3

evidence reflects that Falun Gong was banned by the Chinese government in July 1999 prior to respondent's June 2008 hearing," and that any continuing mistreatment "does not reflect a material change in circumstances, but rather, a continuation of practices that have existed for many years in China." Second, the BIA found that the evidence submitted in support of "changed circumstances" was speculative and unauthenticated. Finally, with respect to Chen, the BIA determined "that she began practicing Falun Gong in 2008, which is a change in personal circumstances that does not constitute a change 'arising in' China" to meet the exception to the 90-day time limit.

## II. Analysis

A motion to reopen before the BIA must be filed within 90 days after the date of the final administrative decision "in the proceeding sought to be reopened." 8 C.F.R. § 1003.2(c)(2). The 90-day time limit, however, does not apply where the motion to reopen is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing . . .." 8 C.F.R. § 1003.2(c)(3)(ii); 8 U.S.C. § 1229a(c)(7)(C)(ii).

Zhang and Chen have petitioned for review of the BIA's denial of their motion to reopen. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1). We review the BIA's denial of a motion to reopen for abuse of discretion. *Immigration & Naturalization Serv. v. Doherty*, 502 U.S. 314, 323 (1992); *Sevoian v. Ashcroft*, 290 F.3d 166, 174 (3d Cir. 2002). The BIA's factual determinations must be upheld if "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Immigration &*

4

*Naturalization Serv. v. Elias-Zacarias*, 502 U.S. 478, 481 (1992) (internal quotations omitted); *Guo v. Ashcroft*, 386 F.3d 556, 561 (3d Cir. 2004).

Because Petitioners' motion to reopen was not filed with the BIA within 90 days of the April 27, 2010, decision and the evidence presented did not support changed conditions in China, the BIA did not abuse its discretion in denying their motion to reopen the proceedings. The BIA's determination that Petitioners failed to demonstrate changed country conditions in China is supported by substantial evidence, which shows not that China's treatment of Falun Gong practitioners has worsened but that, after the merits hearing, China's response to Falun Gong has remained constant. *Zheng v. Att'y Gen.*, 549 F.3d 260, 266 (3d Cir. 2008). Moreover, the affidavit and village notice were not authenticated and otherwise do not indicate punishment for Falun Gong practitioners that is more severe than at the time of the merits hearing.

Moreover, as to Chen, the only change in circumstances that she could demonstrate was her adoption of Falun Gong, which she contends began when she met her husband in the United States. We have held, however, that such a change in "personal circumstances" does not constitute a change in country conditions in China to excuse an alien from complying with a time limit on a motion to reopen under § 1003.2(c)(3)(ii). *Liu v. Att'y Gen.*, 555 F.3d 145, 149-51 (3d Cir. 2009). Accordingly, for the foregoing reasons, we will deny the petition for review.